Sergio Ramírez de Arellano, Petitioner, *v.* District Court of San Juan, Respondent.

No. 813. Argued March 14, 1932.—Decided March 18, 1932.

*Domínguez & Janer* for petitioner. *De la Torre & Ramírez* for plaintiff in the main action.

Mr. Justice Hutchison delivered the opinion of the Court.

In an ordinary action for the foreclosure of a mortgage, the district court at the instance of plaintiff, without notice to defendants and before service of summons, ordered the marshal to demand from certain tenants, lessees of the mortgagor, the rental due for the current month and that to become due thereafter during the pendency of the suit and to retain the same to be credited upon the claim of the mortgagee in case the amount realized at the foreclosure sale should prove insufficient to satisfy such claim. When a stranger to the action informed defendants of the action taken by the marshal pursuant to this order, they moved to set it aside, and the motion was overruled. Both the order and the refusal to set it aside were based on sections 110 and 111 of the Mortgage Law which read, in part, as follows:

"Art. 110. A mortgage extends to natural accessions, improvements, pending fruits and rents not collected at the time of the maturity of the obligation . . . .

Art. 111. In accordance with the provisions of the preceding article, the following shall be considered to have been mortgaged jointly with the estate, even though not mentioned in the contract, provided they belong to the owner thereof:

"*       *       *       *       *       *       *

"4. Due and unpaid rents, whatever be the cause of their not having been collected, and those payable until the creditor shall have recovered his full claim."

Plaintiff alleged in her petition for foreclosure that the mortgaged properties had been assessed for purposes of taxation at $43,380. The *ex parte* motion for the collection

and retention of rental set forth that plaintiff had filed a petition for the foreclosure of a mortgage amounting to $28,052.04 principal, with interest and costs; that the mortgaged property was producing rental; that according to section 110 and subdivision 4 of section 111 of the Mortgage Law, this rental was covered by the mortgage; and that the rental for the current month had not been paid.

We find nothing in sections 110 and 111 of the Mortgage Law to authorize the making of an order directing the marshal to collect and retain rentals due or to become due and owing to the mortgagor, on the *ex parte* application of a mortgagee and on such a showing as that made in the instant case. Nor has the mortgagee, as intervener in the present certiorari proceeding, suggested any other authority for an order impounding the rentals, as a matter of course, in a suit for equitable foreclosure.

The order of the district court must be reversed.